IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| JOHN KENNETH JOYNER, | |
| Movant, | CIVIL ACTION NO.: 6:20-cv-97 |
| v. | |
| UNITED STATES OF AMERICA, | (Case No.: 6:18-cr-14) |
| Respondent. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant John Joyner ("Joyner"), who is currently housed at the McDowell Federal Correctional Institution in Welch, West Virginia, filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence.  Doc. 1.  Respondent filed a Motion to Dismiss, and Joyner filed a Response.[1]  Docs. 3, 11.  Respondent filed a Reply.  Doc. 12.  For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Joyner's § 2255 Motion, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Joyner *in forma pauperis* status on appeal and a Certificate of Appealability.

## BACKGROUND

Joyner was charged by indictment with conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. § 846; three counts of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c); and

---

[1]   Joyner's filing is entitled and docketed as a motion, but it is clearly his Response to the Motion to Dismiss.

possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  United States v. Joyner, 6:18-cr-14 ("Crim. Case"), Doc. 3.  The Government notified the Court on November 14, 2018, it had reached a plea agreement with Joyner.  Crim. Case, Doc. 258.  On January 14, 2019, the Honorable Chief Judge J. Randal Hall conducted a change of plea, or Rule 11, proceeding, during which Joyner pleaded guilty to a lesser included offense of the § 846 conspiracy count.  Crim. Case, Docs. 374, 376.  Chief Judge Hall sentenced Joyner to 204 months' imprisonment on June 12, 2019, and judgment was entered on June 14, 2019.  Crim. Case, Docs. 537, 546.  Joyner did not file a direct appeal.

Joyner signed his § 2255 Motion on October 12, 2020, and it was filed in this Court on October 20, 2020.  Doc. 1.  In his Motion, Joyner claims his sentence was erroneously enhanced under the career offender provision of the United States Sentencing Guidelines.  Id. at 4, 16–17.

## DISCUSSION

**I.   Whether Joyner's Motion is Timely**

Respondent asserts Joyner's § 2255 Motion is untimely under § 2255(f)(1) and should be dismissed.  Doc. 3 at 5.  Respondent contends Joyner had until June 28, 2020, to file a timely § 2255 motion, and he did not do so.  Id. at 6.

To determine whether Joyner filed his § 2255 Motion in a timely manner, the Court must look to the applicable statute of limitations periods.  Motions made pursuant to § 2255 are subject to a one-year statute of limitations period.  28 U.S.C. § 2255(f).  This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Joyner was sentenced to 204 months' imprisonment on June 12, 2019, and the Court's final judgment was entered on June 14, 2019. Crim. Case, Docs. 537, 546. Joyner had 14 days, or until June 28, 2019, to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. Civ. P. 6(a); Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) (noting when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires). Because Joyner did not file an appeal, he had until June 28, 2020, to file a timely § 2255 motion. 28 U.S.C. § 2255(f)(1). However, he did not execute his § 2255 Motion until October 12, 2020, and it was filed on October 20, 2020. Consequently, Joyner's Motion is untimely under § 2255(f)(1) by almost four months' time. Townsend v. Crews, No. 14-24126-CIV, 2014 WL 6979646, at *6 (S.D. Fla. Dec. 9, 2014) ("The law is and always has been that a statute of limitations creates a definitive deadline; a complaint or petition filed one day late (or six days late as in the case at bar) is untimely, just as if a year late.") (quoting Turner v. Singletary, 46 F. Supp. 2d 1238, 1240 (N.D. Fla. 1999)).

Joyner fails to argue he is entitled to the statute of limitations period set forth in § 2255(f)(2), (3), or (4). Joyner acknowledges he filed his § 2255 Motion after the one-year period of § 2255(f)(1). Doc. 1 at 14. However, Joyner states the statute of limitations period should be equitably tolled, and the Court must now determine whether Joyner is entitled to equitable tolling of the applicable statute of limitations period.

### II.     Whether Joyner is Entitled to Equitable Tolling

In support of his argument he is entitled to equitable tolling of the statute of limitations, Joyner asserts the spread of COVID-19 and its impact on the Bureau of Prisons resulted in a lockdown at the penal institution in which he is housed, which began on May 14, 2020. Doc. 1 at 14. Joyner also asserts this lockdown prevented prisoners from having access to the law library. Id. Additionally, Joyner alleges the Bureau of Prisons locked down all facilities on June 2, 2020, in light of violent protests throughout the country. Id. at 15.

Respondent notes Joyner has not shown, under the circumstances of his case, he was pursuing his rights diligently. Doc. 3 at 7. Respondent states Joyner fails to explain why he was unable to file a § 2255 motion between June 14, 2019, and when his facility went on lockdown 11 months later. In addition, Respondent maintains lockdowns and separation from legal papers are not extraordinary circumstances, and Joyner does not demonstrate any extraordinary circumstances were present which prevented him from filing a timely § 2255 motion on or before June 14, 2020. Id. at 7–8.

In response, Joyner contends he is illiterate and was unable to find another inmate who would help him. Doc. 11 at 1, 2. Joyner notes the United States Supreme Court has recognized COVID-19 as an extraordinary circumstance, allowing petitioners an additional 60 days to file petitions for writs of certiorari in that Court. Id. at 2. Respondent argues these reasons are not extraordinary circumstances, nor does he explain how he was diligently pursuing his rights. Doc. 12 at 2–4.

The applicable limitations period is not jurisdictional, and, as a consequence, the established one-year limitation "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). "A movant 'is entitled to equitable tolling only if he shows

4

(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented him from timely filing.'" Williams v. United States, 586 F. App'x 576, 576 (11th Cir. 2014) (quoting Holland, 560 U.S. at 649).  Equitable tolling is typically applied sparingly and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003).  "The [movant] bears the burden of proving his entitlement to equitable tolling," Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), "and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the [movant] must establish both." Williams v. Owens, No. CV113-157, 2014 WL 640525, at *3 (S.D. Ga. Feb. 18, 2014) (citing Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006)); Damren v. Florida, 776 F.3d 816, 821–22 (11th Cir. 2015).

      Joyner fails to show he was pursuing his rights diligently and some extraordinary circumstance prevented him from executing his § 2255 Motion prior to October 12, 2020. Joyner offers no argument relating to his diligent pursuit of his rights prior to any lockdown. Additionally, Joyner's claim of illiteracy is not an extraordinary circumstance within the application of equitable tolling principles.  See Brown v. United States, 318 F. App'x 749, ___ (11th Cir. 2008) (noting rejection in United States v. Montano, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005), of argument limited ability to communicate in English basis for equitable tolling); see also Coney v. United States, No. CV 310-50, 2011 WL 3444470, at *3 (S.D. Ga. July 14, 2011) ("[I]lliteracy and difficulties with language do not amount to the type of 'extraordinary circumstances' a [movant] must show to receive benefit of equitable tolling.") (collecting cases). Similarly, neither the lockdown status of an institution nor the COVID-19 pandemic is an extraordinary circumstance for the purposes of tolling.  See, e.g., Debona v. United States, Case No. 2:20-cv-537, No. 2:15-cr-157, 2021 WL 778820, at *2 (M.D. Fla. Mar. 1, 2021) (finding

5

COVID-19 restrictions did not excuse movant's untimeliness or present extraordinary circumstance); Phillips v. United States, Case No. 8:20-cv-1862-T-27AAS, 2021 WL 679259, at *3 (M.D. Fla. Feb. 22, 2021) (observing Eleventh Circuit Court of Appeals' precedent indicates lockdowns and lack of access to law library or legal materials not extraordinary circumstances); Robinson v. Dykes, Case No. 1:19-cv-132, 2020 WL 5038796, at *8 (N.D. Fla. June 19, 2020) (same). Consequently, Joyner is not entitled to the equitable tolling of the applicable statute of limitations period, and his § 2255 Motion is time barred. Thus, the Court should **DISMISS** Joyner's § 2255 Motion.[2]

### III.  Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Williams leave to appeal *in forma pauperis*. Though Williams has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v.

---

[2]  Respondent also argues Joyner's plea agreement bars his § 2255 Motion, Joyner procedurally defaulted his claim, a Guidelines' challenge is not cognizable under § 2255, and Joyner's claim is without merit. Doc. 3 at 9–16. Given the recommendation Joyner's § 2255 Motion is untimely and he is not entitled to equitable tolling, the Court declines to address Respondent's remaining grounds in its Motion to Dismiss.

Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'"  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued.  Pursuant to Rule 11 of the Rules Governing Section 2255 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right.  The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Id.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000).  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims."  Miller-El, 537 U.S. at 336.

Based on the above analysis of Joyner's § 2255 Motion and Respondent's Motion to Dismiss and applying the Certificate of Appealability standards set forth above, there are no

discernable issues worthy of a certificate of appealability; therefore, the Court should **DENY** the issuance of a Certificate of Appealability.  If the Court adopts this recommendation and denies Joyner a Certificate of Appealability, Joyner is advised he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts.  Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Joyner's § 2255 Motion, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Joyner a Certificate of Appealability and *in forma pauperis* status on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in

whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 21st day of May, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA